UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE:  WILLIE KEY and MARIE KEY                                              CASE NO. 04-13270

UNITED STATES OF AMERICA                                                      PLAINTIFF

VERSUS                                                                        ADV. PROC. NO. 04-1119

WILLIE KEY, MARIE KEY,
CLAY COUNTY TAX ASSESSOR,
BECKY DENDY, MISSISSIPPI EMPLOYMENT
SECURITY COMMISSION, MISSISSIPPI STATE
TAX COMMISSION, AND MISSOURI WILSON                                           DEFENDANTS

OPINION

On consideration before the court in the above captioned adversary proceeding is a motion for summary judgment filed by the plaintiff, United States of America; no responses to said motion having been filed by the defendants; and the court, having considered same, hereby finds as follows, to-wit:

I.

The court has jurisdiction of the subject matter of and the parties to this proceeding pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157.  This is a core proceeding as defined in 28 U.S.C. §157(b)(2)(A), (B), (I), (K), and (O).

II.

A review of the court file reflects the following chronology of this proceeding, to-wit:

1.  The plaintiff filed its complaint against the named defendants in the United States District Court for the Northern District of Mississippi, Eastern Division, on April 11, 2003, Civil No. 1:03CN157-B-D, requesting the following relief:

      A.      That federal tax liens attach to the interests of the defendants, Willie Key and Marie Key, in certain described real property located in Clay County, Mississippi.

      B.      That the court order the aforesaid federal tax liens upon the said real property to be foreclosed, and the property be sold by a proper officer of the court, according to law, free and clear of the liens and claims of the parties named in the proceeding, and that the proceeds of the sale be distributed according to the priorities of the liens and claims of the parties as determined by the court.

      C.      That if the amount distributed to the plaintiff is insufficient to fully satisfy the federal tax liabilities of the defendants, Willie Key and Marie Key, that the plaintiff have a deficiency judgment against the Keys for the unsatisfied amount.

      D.      That the plaintiff be granted all costs incurred by virtue of the proceeding.

2. Through its answer filed May 29, 2003, the defendant, Mississippi Employment Security Commission denied any interest in the Keys' real property.

3. The Clay County Tax Assessor, Becky Dendy, did not file an answer to the complaint.

4. Through its answer filed June 12, 2003, the defendant, Mississippi State Tax Commission, claimed that its interest in the Keys' property arose on the dates that judgments in its favor were enrolled, i.e., July 11, 2001, and October 8, 2001.

5. Through an answer filed July 11, 2003, Willie Key admitted the allegations of the complaint, except to demand proof of the assessments and as to the notice of demand. The defendant, Marie Key, sought equitable relief as an innocent spouse pursuant to §6015 of the Internal Revenue Code.

6. On September 9, 2003, a default judgment was entered in favor of the plaintiff against the defendant, Missouri Wilson.

7. On September 11, 2003, the plaintiff served a request for admissions upon the Keys pursuant to Rule 36(a), Federal Rules of Civil Procedure, requesting that they admit certain statements of fact, and requesting that they admit that certain documents were genuine. The Keys failed to serve a written answer or an objection to the requests for admission. Therefore, the statements contained therein are deemed admitted and the exhibits are deemed to be genuine. See,

2

Federal Rules of Civil Procedure 36(a) and (b), as well as, United States v. Murphy, 1992 WL 100394 (N.D. Miss. 1992).

III.

As a result of the requests for admission, which are now deemed admitted, and the related documents, which are now deemed to be genuine, the following facts, set forth in the plaintiff's motion for summary judgment, no longer remain in dispute, to-wit:

The taxpayers filed their joint federal income tax return for the tax year 1998 on or about June 9, 1999, reporting a tax due of $1,369.00. On August 21, 2000, the plaintiff made assessments for additional tax, interest and penalties in the amount of $3,735.00, $844.66 and $499.83, respectively. Also on August 21, 2000, and September 25, 2000, the taxpayers were mailed a Statutory Notice of Balance Due with respect to their unpaid liability for the 1998 tax year. On October 30, 2000, the taxpayers were mailed a Statutory Notice of Intent to Levy. The unpaid balance of the assessments for the 1998 tax year is $8,696.04, plus interest and statutory additions as provided by law. (Certificate of Assessments and Payments with respect to 1998 tax year, Exhibit 1; Admissions, Exhibit 2.)

The taxpayers filed their federal income tax return for the tax year 1999, reporting a tax liability of $97,332.00. On March 30, 2001, the plaintiff made a prompt assessment of tax in the amount of $92,872.00, and assessed interest and penalties in the amounts of $10,666.57 and $26,090.17, respectively. On April 20, 21, and 24, 2001, the taxpayers were mailed collection notices by the plaintiff. The unpaid balance of the assessments for the 1999 tax year is $129,373.12, plus interest and statutory additions as provided by law. (Taxpayers' 1999 Joint

Federal Income Tax Return, Exhibit 3; Certificate of Assessments and Payments with respect to 1999 tax year, Exhibit 1; Admissions, Exhibit 2.)

The taxpayers filed their joint federal income tax return for the tax year 2000, reporting a tax liability of $43,942.00. On June 27, 2001, the plaintiff made a prompt assessment for tax in the amount of $41,699.00, and assessed interest and penalties in the amounts of $762.51 and $6,244.88, respectively. On June 27, 2001, the taxpayers were mailed a Statutory Notice of Balance Due with respect to the unpaid 2000 tax liability. By letter dated July 16, 2001, the taxpayers were mailed collection notices by the plaintiff. The unpaid balance of the assessments for the 2000 tax year is $47,713.39, plus interest and statutory additions as provided by law. (First two pages of Taxpayers' 2000 Joint Income Tax Return, Exhibit 4; Certificate of Assessments and Payments with respect to 2000 tax year, Exhibit 1; Admissions, Exhibit 2; Certified Letter from IRS of Final Notice of Intent to Levy, Exhibit 5.)

Although notices of the tax assessments were given and demands for payment were duly made upon the Keys, they have refused and neglected to pay the entire amount of such liabilities, and there is due and owing to the plaintiff the total of $185,782.55, plus interest and statutory additions as provided by law. (Certificate of Assessments and Payments, Exhibit 1; Admissions, Exhibit 2.)

Pursuant to Sections 6321 and 6322 of the Internal Revenue Code of 1986, liens for the unpaid federal taxes, as described above, arose on the dates of assessment in favor of the plaintiff and continue to encumber all property and rights to property belonging to the Keys, including the following real property located at Route 6, Box 77, West Point, Mississippi, more particularly described as follows:

4

> Commencing at the Southeast corner of Section 7, Township 17 South, Range 7 East, Clay County, Mississippi; and from thence run West for a distance of 710.0 feet, thence run South 89 degrees 30 minutes West along the North right of way line of Mississippi Highway No. 50 for a distance of 610.0 feet, thence run North for a distance of 1320.0 feet, thence run South 89 degrees 30 minutes East for a distance of 446.0 feet to the point of beginning.
>
> From said point of beginning run thence North for a distance of 290.0 feet to the South line of an existing gravel road; thence run East along the South line of said road for a distance of 154.0 feet to a point in line with an existing fence line, thence run South 0 degrees 49 minutes West along said fence line for a distance of 280.0 feet, thence run South 86 degrees 41 minutes West for a distance of 150.0 feet to the point of beginning, being located in the Southeast Quarter of Section 7, Township 17 South, Range 7 East, Clay County, Mississippi and containing 1.0 acre, more or less.

(Complaint, paragraphs 13 and 15; Answer of Willie and Marie Key, paragraphs 12 and 14; Answer, paragraphs 13 and 15.)

On April 19, 2001, May 9, 2001 and July 30, 2001, a delegate of the Secretary of the Treasury properly filed Notices of Federal Tax Lien with the Chancery Clerk of Clay County, West Point, Mississippi, for the taxpayers' 1998, 1999 and 2000 federal tax liabilities. (Notices of Federal Tax Lien, attached to Complaint; Answer of Willie and Marie Key, paragraph 12 and paragraph 13.)

IV.

Summary judgment is properly granted when pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Bankruptcy Rule 7056; Uniform Local Bankruptcy Rule 18. The court must examine each issue in a light most favorable to the nonmoving party. Anderson v. Liberty Lobby, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Phillips v. OKC Corp., 812 F.2d

265 (5th Cir. 1987); Putman v. Insurance Co. of North America, 673 F.Supp. 171 (N.D. Miss. 1987).  The moving party must demonstrate to the court the basis on which it believes that summary judgment is justified.  The nonmoving party must then show that a genuine issue of material fact arises as to that issue.  Celotex Corporation v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.29 265 (1986); Leonard v. Dixie Well Service & Supply, Inc., 828 F.2d 291 (5th Cir. 1987), Putman v. Insurance Co. of North America, 673 F.Supp. 171 (N.D. Miss. 1987).  An issue is genuine if "there is sufficient evidence favoring the nonmoving party for a fact finder to find for that party."  Phillips, 812 F.2d at 273.  A fact is material if it would "affect the outcome of the lawsuit under the governing substantive law."  Phillips, 812 F.2d at 272.

V.

Under Section 6321 of the Internal Revenue Code, when a taxpayer refuses or neglects to pay their assessed federal tax liabilities, federal tax liens in favor of the United States attach to all property and rights to property belonging to the taxpayer.  26 U.S.C. §6321.  The federal tax liens, as a matter of law, arise at the time of assessment, "and shall continue until the liability for the amount so assessed (or a judgment against the taxpayer arising out of such liability) is satisfied or becomes unenforceable by reason of lapse of time."  26 U.S.C. §6322; see, United States v. National Bank of Commerce, 472 U.S. 713, 719-20 (1985).  The federal tax liens attach to all property and rights to property belonging to the taxpayers at any time during the period of the liens, including any property or rights to property acquired by them after the lien arises.  Treas. Reg. §301.6321-1.

At present, the subject real property is owned by the taxpayers as tenants by the entireties.  As a result, the federal tax liens with respect to their assessed federal joint income tax liabilities

for 1998, 1999 and 2000 have attached to the subject real property. To collect the taxpayers' unpaid federal income tax liabilities, the plaintiff is entitled to enforce its federal tax liens against property to which its federal tax liens have attached and to subject any property, of whatever nature, of the taxpayers, or in which they have any right, title, or interest, to the payment of such taxes, including property held as tenants by entireties. 26 U.S.C. §7403(a); United States v. Craft, 535 U.S. 274 (2002). Plaintiff is thus empowered to compel the sale of the aforesaid real property and apply any proceeds that would otherwise flow to the taxpayers towards their unpaid federal income tax liabilities. 26 U.S.C. §7403; United States v. Rodgers, 461 U.S. 677, 691-97 (1983).

VI.

Taxpayer Marie Key seeks relief from her federal tax liabilities under the equitable spouse provisions set forth in §6015(b)(1) of the Internal Revenue Code. A statutory prerequisite for equitable spouse relief is that the requesting spouse "elect (in such form as the Secretary may prescribe) the benefits of this subsection [6015] not later than the date which is 2 years after the date the Secretary has begun collection activities with respect to the individual making the election." 26 U.S.C. §6015(b)(1)(E). "Collection activity" is defined in Treas. Reg. 1.6015-5(b)(2)(I) and includes a Notice of Intent to Levy pursuant to 26 U.S.C. §6330. 26 C.F.R. §6015-5(b)(2)(1) and (ii). Notices of Intent to Levy were mailed to the taxpayer, Marie Key, by certified mail on or about October 30, 2000, with respect to the 1998 tax liability; on April 20, 2001, with respect to the 1999 tax liability and July 16, 2001, for the 2000 tax liability. Defendant Marie Key first raised the innocent spouse defense in her Answer filed July 17, 2003, more than two years from the date of the initiation of collection activity. Because Marie Key cannot show that

7

she elected "the benefits of this subsection [6015(b)(1)] not later than the date which is 2 years after the date the Secretary has begun collection activities" she cannot pursue relief under §6015(b).

VII.

Once it has been determined under state law that the taxpayers own property or rights to property, federal law controls for the purpose of determining whether an attached tax lien has priority over competing liens asserted against that property. Rodgers, 461 U.S. at 683, 103 S.Ct. at 2137. "When a third party also claims a lien interest in the taxpayer's property, the basic priority rule of 'first in time, first in right' controls, unless Congress has created a different priority rule to govern the particular situation." Metropolitan National Bank v. United States, 901 F.2d 1297 (5th Cir. 1990); Texas Commerce Bank-Forth Worth, N.A. v. United States, 896 F.2d 152 (5th Cir. 1990).

The Mississippi State Tax Commission claims an interest in the property as of the enrollment of its judgments on July 11, 2001 and October 8, 2001. Pursuant to the 'first in time, first in right', the Notices of Federal Tax Lien for the 1998 and 1999 tax years, recorded April 19, 2001 and May 1, 2001, would have priority over both judgments, and the Notice of Federal Tax Lien for the 2000 tax year, recorded July 30, 2001, would have priority over the October, 2001 judgment.

VIII.

Since there are no material factual issues remaining in dispute, this court is of the opinion that the plaintiff is entitled to summary judgment as a matter of law. The plaintiff will be permitted to foreclose its federal tax liens against the real property, described hereinabove, which

is owned by the defendants, Willie Key and Marie Key. That following the said foreclosure, this court will retain jurisdiction of this matter in order to determine the disposition of the proceeds and the amount of the deficiency, if any.

A separate order will be entered consistent with this opinion.

This the 26th day of May, 2005.

/s/DAVID W. HOUSTON, III
UNITED STATES BANKRUPTCY JUDGE